Gregory J. Kuykendall, Bar # 012508
KUYKENDALL & ASSOCIATES
531 S Convent Ave
Tucson, AZ 85701
Tel: (520) 792-8033
greg@kuykendall-law.com
In-State Attorney for Petitioner

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hassan Ayyoubi,<br><br>　　　　　Petitioner,<br><br>v.<br><br>John Cantu, Immigration and Customs Enforcement Phoenix Field Office Director;<br>Todd Lyons, Acting Director U.S. Immigrations and Customs Enforcement;<br>Luis Rosa Jr., Warden, Central Arizona Florence Correctional Complex et al;<br>Pamela Bondi, U.S. Attorney General; and, Kristi Noem, U.S. Secretary of Homeland Security,<br>　　　　　Respondents. | Case No. |

## PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

I.    <u>Statement of Facts and Procedural History</u>

Petitioner is a gay, non-Muslim, chronically ill, wheelchair-bound man who fled persecution on account of his sexual orientation in the Islamic Republic of Iran.

Petitioner is legally married to Ms. Zohreh Moadikhah and has been since August 2010. Petitioner is also in a long-term sexual and romantic relationship with another man. Petitioner was arrested by the Iran Revolutionary Guard Corps (IRGC) during a private and intimate encounter with his male partner. In Iran, Petitioner was charged with "sodomy" because he is a gay man which is punishable by execution. Petitioner is not a Muslim and does not follow Muslim religious customs, a crime also punishable by execution in Iran. Petitioner has renounced Islam. Fearing for his life, and that he would be subjected to torture or execution, Petitioner fled Iran.

Petitioner entered the United States on or about January 5, 2025. Petitioner filed a *pro se* I-589 asylum application from detention. His application was denied on May 12, 2025. He failed to appeal, meaning his order of removal became final on June 11, 2025.

On November 18, 2025, Petitioner's wife was granted asylum by Judge Pleters of the El Paso Processing Center Immigration Court. Petitioner was properly included on his wife's I-589. Ms. Moadikhah's and Petitioner's marriage is an unconventional one, but its legal legitimacy has never been challenged.

On November 25, 2025, Petitioner filed a Motion to Reopen his case because new relief that was not previously available to him is now available. Petitioner's Motion to Reopen was denied on December 5, 2025. Petitioner has since filed a

- 2 -

timely appeal of that decision to the BIA. As of the writing of this complaint, the Petitioner's appeal to the BIA of his motion to reopen is still pending.

Upon information and belief, ICE has attempted to remove Petitioner to Iran on at least three occasions. On all three occasions, ICE determined that Petitioner's failing health made it medically impossible for him to undertake the journey. Petitioner's health has only, unfortunately, continued to decline. Petitioner is wheelchair-bound and, upon information and belief, was physically carried by two ICE officers onto a plane when he was transferred between El Paso, TX and Florence, AZ on January 21, 2026.

ICE has informed Petitioner that, despite his pending BIA appeal, Respondents intend to deport him, among other individuals, to Iran on or around Sunday, January 25, 2026. The only discernible commonality between these individuals made known to the Petitioner is their Iranian nationality.

Petitioner fears torture and execution if he returns to Iran as a gay man. It is more likely than not that the Petitioner's life or freedom would be threatened because of his sexuality and his non-Muslim religion if he was returned to the Islamic Republic of Iran.

II.    Legal Standard

- 3 -

Plaintiff is entitled to a temporary restraining order where they establish that they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). Even if Plaintiff does not show a likelihood of success on the merits, the Court may still grant a temporary restraining order if they raise "serious questions" as to the merits of their claims, the balance of hardships tip "sharply" in their favor, and the remaining equitable factors are satisfied. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127 (9th Cir. 2011). As set forth in more detail below, Plaintiff overwhelmingly satisfies both standards.

III.    <u>Argument</u>

**A. Plaintiff Warrants a Temporary Restraining Order**

A temporary restraining order should be issued if "immediate and irreparable injury, loss, or irreversible damage will result" to the applicant in the absence of an order. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to prevent irreparable harm before a preliminary injunction hearing is held. See *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of*

- 4 -

*Alameda City,* 415 U.S. 423, 439 (1974).

As explained above, Respondents plan to remove the Petitioner to Iran without hearing the timely-filed, pending appeal before the BIA. Petitioner fears torture and execution if returned to Iran on account of his sexuality, failure to adhere to Sharia law, and failure to adhere to Muslim religious customs. It is more likely than not that Petitioner's life or freedom would be threatened because of his sexuality if he was returned to the Islamic Republic of Iran.

**B. Plaintiff is Likely to Succeed on the Merits of His Claims that Defendants' Actions Violate Due Process, the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") and the Fifth Amendment.**

Respondents' plan to remove the Petitioner to Iran without hearing the timely-filed, pending appeal before the BIA is in direct contravention of the Immigration and Nationality Act. By failing to follow statute and its own regulations, Respondents are violating due process under the *Accardi* doctrine.

Respondents' removal of Petitioner violates the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") that prohibits the government from returning a noncitizen to a country where their life or freedom would be threatened because of their race, religion, nationality, membership in a particular social group, or political opinion. It is more likely than not that in the Islamic Republic of Iran Petitioner's life or freedom would be threatened because of his sexuality.

- 5 -

The only discernable commonality between the individuals that ICE alleges to plan to deport on Sunday, January 25, 2026 is their Iranian nationality. National origin is a protected class under the Constitution. Respondents' actions are not narrowly tailored and there is no compelling government interest that justifies their discrimination against nationals of Iran.

In denying Petitioner the right to pursue his timely-filed, pending appeal before the BIA to prevent the deprivation of his life and liberty in Iran, Respondents violate due process under the Fifth Amendment.

### 1. Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

Petitioner has been charged by members of the IRGC in Iran with crimes of sodomy because he is in a romantic and intimate relationship with another man and does not follow Muslim religious customs. Sodomy is punishable by execution in Iran.

Petitioner fears torture and execution if returned to Iran on account of his sexuality, failure to adhere to Sharia law, and non-Muslim religion.

### 2. The Balance of Equities and the Public Interest Favor Granting the Temporary Restraining Order

The balance of equities and the public interest undoubtedly favor granting this temporary restraining order.

First, the balance of hardships strongly favors Plaintiff. The government

- 6 -

cannot suffer harm from an injunction that prevents it from engaging in an unlawful practice. See *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("[T]he INS cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations."). Plaintiff is an Iranian citizen who has followed the letter of the law in litigating his asylum application before an Immigration Judge and the Board of Immigration Appeals. If he were removed to Iran, the U.S. government would do so in blatant violation of law, and Plaintiff's constitutional rights. Therefore, the government cannot allege harm arising from a temporary restraining order or preliminary injunction ordering it to comply with Title 8 of the U.S. Code and the Constitution.

Further, any purported burden imposed by requiring Respondents to refrain from taking further unlawful enforcement action against Plaintiff is, at most, de minimis and clearly outweighed by the substantial harm Plaintiff will suffer as long as they continue to be subjected to the very real possibility of further unlawful enforcement action. See *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983) ("Society's interest lies on the side of affording fair procedures to all persons, even though the expenditure of governmental funds is required.").

Finally, a temporary restraining order is in the public interest. First and most importantly, "it would not be equitable or in the public's interest to allow [a party] .

- 7 -

. . to violate the requirements of federal law, especially when there are no adequate remedies available." *Ariz. Dream Act Coal. v. Brewer,* 757 F.3d 1053, 1069 (9th Cir. 2014) (quoting *Valle del Sol Inc. v. Whiting,* 732 F.3d 1006, 1029 (9th Cir. 2013)). If a temporary restraining order is not entered, the government would effectively be granted permission to take unlawful and unconstitutional enforcement action against Plaintiff based on their unlawful SEVIS termination. "The public interest and the balance of the equities favor 'prevent[ing] the violation of a party's constitutional rights.'" *Ariz. Dream Act Coal.,* 757 F.3d at 1069 (quoting *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012)); see also *Hernandez v. Sessions,* 872 F.3d 976 (9th Cir. 2017) ("The public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention. . ."); cf. *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.").

Therefore, the public interest overwhelmingly favors entering a temporary restraining order and preliminary injunction.

### 3. Plaintiff has Complied with the Requirements of Rule 65, Fed.R.Civ.P.

Finally, as set forth supra, Plaintiff asks this Court to find that they have

- 8 -

complied with the requirements of Rule 65, Fed.R.Civ.P., for the purposes of granting a temporary restraining order. Pursuant to Rule 65(b)(1), this Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if a) specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss or damage will result to the plaintiff before the adverse party can be heard in opposition; and, 2) the plaintiff's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(c) also states that the court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Under the particular circumstances of this case, however, Plaintiff respectfully asks this Court to find that such a requirement is unnecessary, since an order requiring Respondents to refrain from arresting, detaining, or transferring Plaintiff, and/or to refrain from giving Respondents' unlawful actions legal effect, should not result in any conceivable financial damages to Respondents.

IV.    Conclusion and Prayer for Relief

For all the above reasons, this Court should find that Plaintiff warrants a temporary restraining order and a preliminary injunction.

- 9 -

Specifically, Plaintiff requests this Court to enter the following findings and orders:

1. Grant summary judgment pursuant to Fed. R. Civ. P. 65(b), as the undisputed material facts entitle Petitioner to a temporary restraining order enjoining Respondents from removing Petitioner from Arizona until the claims raised in the complaint are resolved by the Court.

DATED this 22nd day of January, 2026.

/s/Andrew Heinrich
Andrew Heinrich
Bar No.: 5925433
Supervising Attorney
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Andrew.Heinrich@projectrousseau.org
(917)734-7219
*Pro Bono Counsel for Petitioner*
*Applying for Admission Pro Hac Vice*

/s/Gregory Kuykendall
Name: Gregory Kuykendall
Bar Number: 012508
531 S. Convent Ave.
Tucson, AZ 85701
greg@kuykendall-law.com
(520)275-1597
*In-State Counsel for Petitioner*

ORIGINAL electronically filed
this 22nd day of January, 2026.

/s/ Gregory J. Kuykendall

- 10 -