IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hassan Ayyoubi, | No. CV-26-00412-PHX-DWL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

Petitioner filed an Emergency Complaint for Injunctive Relief and a Motion for Temporary Restraining Order.[1] Petitioner seeks to enjoin his removal to Iran on the ground that he has a pending Motion to Reopen before the Board of Immigration Appeals. The Court will deny the Motion and dismiss the Petition.

**I.    Background**

Petitioner is a citizen of Iran and entered the United States on January 5, 2025. (Doc. 1 ¶ 8.) He filed an application for asylum, which was denied, and his order of removal became final on June 11, 2025. (*Id.* ¶ 9.) In November 2025, his wife's asylum application (on which he was listed as a derivative asylee) was granted. (*Id.* ¶ 10.) As a result, Petitioner filed a Motion to Reopen his proceedings before the Immigration Court to seek asylum based on the grant of his wife's application. (*Id.* ¶ 12.) That motion was denied, and Petitioner filed an appeal to the BIA. (*Id.*) Respondents attempted to remove Petitioner

---

[1]    Petitioner styled his pleading as a Complaint for Injunctive Relief and paid the filing fee for a civil action. *See* 28 U.S.C. § 1914(a), (b). But he refers to himself throughout the Complaint as Petitioner. For consistency, the Court will refer to him as Petitioner.

to Iran three times, but Petitioner's health prevented his removal. (*Id.* ¶ 14.) Petitioner alleges that although his health continues to decline—he is wheelchair bound—he is scheduled for removal to Iran on January 25, 2026. (*Id.* ¶¶ 15-16.) Petitioner further alleges that he is a gay man who does not practice Islam and was charged with sodomy before fleeing Iran. (*Id.* ¶¶ 2, 5.) Petitioner alleges his removal to Iran before his pending appeal is adjudicated would violate his rights to due process and equal protection, his rights under the Foreign Affairs Reform and Restructuring Act ("FARRA"), and his right to have his I-730 derivative asylum application processed. Petitioner seeks to enjoin his removal pending adjudication of his appeal of the denial of his motion to reopen. (Doc. 2.)

## II.   Summary Dismissal

Review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), or "arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9).[2]

Here, Petitioner fails to state a claim for relief. In seeking to enjoin his removal on due process and FARRA violation grounds, Petitioner is attacking the execution of a removal order. *See, e.g., Rauda v. Jennings*, 55 F. 4th 773, 776-78 (9th Cir. 2022) (holding that § 1252(g) divested the district court of jurisdiction over a "habeas petition . . . asking the court to enjoin the government from removing [the petitioner] until the BIA ruled on his motion to reopen and the court ruled on his habeas petition"); *Ramirez Ayala v. Santacruz*, 2025 WL 3485738, *2-3 (C.D. Cal. 2025) ("Petitioner seeks to enjoin the execution of his removal order pending the adjudication of the merits of his motion to reopen his removal proceedings. *Rauda* rejected this very same argument. . . . As in *Rauda*, Petitioner's challenge here is foreclosed by § 1252(g)'s plain language. In sum, § 1252(g) applies to Petitioner's request to enjoin the execution of his final removal order pending adjudication of the merits his case. Regardless of how Petitioner frames his

---

[2]   *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

challenge, he is ultimately contesting an unreviewable discretionary decision that has no temporal restrictions.") (citations omitted); *Flores v. Johnson*, 2015 WL 12656240, *2 (C.D. Cal. 2015) ("Petitioner Flores essentially seeks a stay of his detention and removal until the BIA renders its decision on his Motion to Reopen. This Court lacks jurisdiction over such a challenge because Petitioner Flores's request to halt the execution of a final removal order 'arise[s] from' an 'action' or a 'proceeding' brought in connection with Petitioner's removal, or from 'the decision or action' to 'execute removal orders against' Petitioner."); *Ma v. Holder,* 860 F. Supp. 2d 1048, 1050-51 (N.D. Cal. 2012) ("Petitioner has previously filed a motion to reopen a final removal order before the Board of Immigration of Appeals ('BIA'). That motion is currently pending before the BIA. In this Court, Petitioner seeks a writ of habeas corpus granting a stay of deportation during the BIA's adjudication of her motion to reopen. . . . Having reviewed the relevant portions of the record—including the Petition and the Parties' briefs—the Court concludes that it lacks jurisdiction over this case."); *Nken v. Chertoff*, 559 F. Supp. 2d 32, 36 (D.D.C. 2008) ("The Emergency Petition in this matter seeks a stay in order to avoid the execution of the BIA's final order of removal. . . . [Section] 1252(g) applies to a 'decision or action' to 'execute removal orders,' which is precisely what Petitioner seeks to stay with his Emergency Petition[].").

**IT IS ORDERED:**

(1)   Petitioner's Complaint (Doc. 1) and this action are **dismissed**.

(2)   Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3)   The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 23rd day of January, 2026.

Dominic W. Lanza
United States District Judge